UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY LEE HARRIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| ) | 4:18-cv-1546-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Courtney Lee Harris's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why it should not be summarily dismissed.

On October 2, 2015, movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and § 841(b)(1)(c). On January 12, 2016, the Court sentenced movant to a total term of 200 months of imprisonment, to be followed by three years of supervised release. Movant did not appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255 and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a § 2255 motion when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). In the case at bar, the judgment became final on January 26, 2016, fourteen days after judgment was entered. *See* Fed. R. App. Proc. 4(b)(1). Therefore, the one-year limitations period of § 2255 expired on January 26, 2017. Movant placed the instant motion in the prison mail system on September 10, 2018, more than two and one-half years after judgment became final. Therefore, it appears the motion is time-barred, and movant will be directed to show cause why it should not be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**Movant's failure to timely comply with this Order shall result in the dismissal of this case, without prejudice and without further notice.**

Dated this 20th day of September, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE