UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COURTNEY LEE HARRIS, | ) |
|---|---|
| Movant, | ) ) ) |
| | ) 4:18-cv-1546-JAR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon movant Courtney Lee Harris's response to this Court's September 20, 2018 Order directing him to show cause why his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 should not be dismissed as untimely. After reviewing and considering movant's response, the Court has determined to dismiss the motion without further proceedings.

### Background

As explained in this Court's September 20, 2018 Order, movant filed the instant motion well after the expiration of the one-year limitations period applicable to motions filed pursuant to § 2255. In the response before the Court, movant states that "a recent Supreme Court decision" addressed whether "certain crimes" are considered violent. He notes that "a previous case" in his criminal history subjected him to a sentencing enhancement, and he argues that, if his attorney had "fought the issue to prove that 'exhibiting' is not considered violent," he would not have received the enhancement.[1] (Docket No. 3 at 1-2). Finally, movant states that his facility lacked

---

[1] Movant does not specify the previous case to which he refers. Review of Missouri Case.net shows that movant was previously convicted of felony charges of Unlawful Use of a Weapon – Exhibiting in violation of § 571.030 of the Revised Statutes of Missouri. *See State v. Courtney Harris*, No. 22951-01009-01 (22nd Jud. Cir. Mar. 20, 1995).

adequate legal research materials, and he states that his attorney's ineffectiveness left him unable to understand the proper procedures to appeal his sentence.

## Discussion

Movant can be understood to claim that his petition is timely under 28 U.S.C. § 2255(f)(3), under which a § 2255 motion is timely if filed within one year of the date on which the right asserted therein was newly recognized by the Supreme Court, and made retroactive to cases on collateral review. However, movant does not identify, with any specificity, the right he has asserted that has been newly recognized by the Supreme Court. To the extent movant can be understood to argue that any prior felony conviction under Missouri's statute for Unlawful Use of Weapons – Exhibiting was improperly considered a violent felony or a crime of violence, such argument fails. Movant does not cite, nor is the Court aware, of any Supreme Court case recognizing such a right. In addition, the Eighth Circuit Court of Appeals has recognized that a prior felony conviction under Missouri's statute for Unlawful Use of Weapons – Exhibiting qualifies as a violent felony for purposes of 18 U.S.C. § 924(e), *U.S. v. Pulliam*, 566 F.3d 784 (8th Cir. 2009) and as a crime of violence under the sentencing guidelines. *U.S. v. Hudson*, 851 F.3d 807 (8th Cir. 2017).

Movant can also be understood to argue that he is entitled to equitable tolling because his attorney was ineffective for failing to challenge the sentencing enhancement for "exhibiting" and failed to advise him regarding filing an appeal, and because his facility lacks adequate legal research materials. The one-year statute of limitation may be equitably tolled only if movant shows that he had been diligently pursuing his rights, and some "extraordinary circumstance" stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (applicable to § 2254 petitions). The Eighth Circuit has recognized that the doctrine of equitable

2

tolling applies to § 2255 motions. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). It is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling is available in cases of attorney misconduct, but only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Martin*, 408 F.3d at 1093 (internal quotation omitted). In the case at bar, movant makes no attempt to demonstrate that he was diligently pursuing his rights. However, even assuming that he could so establish, he could not demonstrate that his attorney's behavior was so outrageous or incompetent as to render it extraordinary. As discussed above, there is no authority for the suggestion that it was improper to consider a prior felony conviction under Missouri's statute for Unlawful Use of Weapons – Exhibiting as a violent felony or a crime of violence, and movant has not alleged, nor is it apparent, that such authority existed at the time of his sentencing. There is therefore no basis to conclude that counsel's failure to raise such an argument amounted to behavior meeting the applicable standard. Finally, movant's conclusory statements about his attorney's failure to advise him of appellate procedures and his facility's lack of legal resources provide no basis to conclude that an extraordinary circumstance stood in his way and prevented timely filing. The Court therefore concludes that movant has failed to demonstrate entitlement to equitable tolling.

Having determined that the motion was untimely filed, and having considered movant's response, the Court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section

3

2255 proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Movant herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant Courtney Lee Harris's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 10th day of October, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4