UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COURTNEY LEE HARRIS, | ) |
| --- | --- |
| | ) |
| Movant, | ) |
| | ) |
| | ) 4:18-cv-1546-JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon a motion filed by movant Courtney Lee Harris, asking this Court to reconsider its denial of a certificate of appealability. For the reasons explained below, the motion will be denied.

### **Background**

The history of this case is fully set forth in this Court's orders dated September 20, 2018 and October 10, 2018. However, following is a brief summary. On October 2, 2015, movant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and § 841(b)(1)(c). On January 12, 2016, the Court sentenced movant to a total term of 200 months of imprisonment, to be followed by three years of supervised release. Movant did not appeal.

Movant initiated the case at bar on September 13, 2018 by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. However, his motion was untimely, and this Court directed him to show cause why it should not be dismissed as such. In response, movant asserted his motion was timely because, according to a recent Supreme Court case, his

prior conviction for Unlawful Use of Weapons – Exhibiting should not have been considered "violent."[1] He also argued he was entitled to equitable tolling because his attorney neither argued that issue nor properly advised him about how to appeal, and because his facility lacked adequate research materials. In an order dated October 10, 2018, this Court determined that movant had failed to establish that his petition was timely under 28 U.S.C. § 2255(f)(3) and had also failed to demonstrate entitlement to equitable tolling. The Court dismissed movant's motion as untimely, and denied movant a certificate of appealability.

In the instant motion, movant asks this Court to reconsider its denial of a certificate of appealability. He appears to argue that his motion is timely because the Supreme Court cases *Johnson v. U.S.*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) amount to a newly recognized right made retroactive to his case. He also refers to *Boaz v. United States*, and to a case styled "Willie Bailey v. United States." He does not explain how any of these cases apply to his case. He also argues again that he has been deprived of adequate research materials and legal advice.

## Discussion

Movant did not frame his motion under the Federal Rules of Civil Procedure, but the motion can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence, and allow a court to correct its own mistakes in the time immediately following judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 60(b) allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or

---

[1] Review of Missouri Case.net shows that movant was previously convicted of felony charges of Unlawful Use of a Weapon – Exhibiting in violation of § 571.030 of the Revised Statutes of Missouri. *See State v. Courtney Harris*, No. 22951-01009-01 (22nd Jud. Cir. Mar. 20, 1995).

2

excusable neglect." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

As a jurisdictional prerequisite to appealing the denial of habeas corpus relief, movant must obtain a certificate of appealability from either a court of appeals judge or the presiding district court judge. 28 U.S.C. § 2253(c)(1); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). To do so, movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)).

Under either Rule 59(e) or 60(b), the instant motion fails. Movant fails to point to any manifest errors of law or fact or any newly discovered evidence, and he fails to set forth any exceptional circumstances justifying relief. Neither *Johnson* nor *Dimaya* apply to movant's case. In addition, as this Court previously noted, the Eighth Circuit Court of Appeals has recognized that a prior felony conviction under Missouri's statute for Unlawful Use of Weapons – Exhibiting qualifies as a violent felony for purposes of the Armed Career Criminal Act ("ACCA"), *U.S. v. Pulliam*, 566 F.3d 784 (8th Cir. 2009) and as a crime of violence under the sentencing guidelines. *U.S. v. Hudson*, 851 F.3d 807 (8th Cir. 2017). Movant cites *Boaz v. United States*, 884 F.3d 808 (8th Cir. 2018). However, that decision is not helpful to him. In *Boaz*, the Eighth Circuit held that Arizona's "Exhibiting" statute qualified as a violent felony for

purposes of the ACCA, and that the Arizona statute and the Missouri statute were virtually indistinguishable. The *Boaz* Court also recognized its decision in *Hudson* as reaffirming its holding that Missouri's Exhibiting offense satisfied the ACCA's force clause, even though *Hudson* addressed the sentencing guidelines. Independent research failed to reveal a case styled "Willie Bailey v. United States" applicable to movant's case. Finally, none of movant's arguments justify the application of equitable tolling. In sum, nothing in the instant motion provides a basis for altering this Court's prior judgment that movant failed to satisfy the standard for the issuance of a certificate of appealability. The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for reconsideration (Docket No. 6) is **DENIED.**

Dated this 3rd day of December, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4